DJW/zm

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**PHILLIP K. HARGROVE and KAREN
HARGROVE,**

          **Plaintiffs,**

                                    **CIVIL ACTION**

**v.**

                                    **05-2009-JWL-DJW**

**AUTO CLUB FAMILY INSURANCE CO.,**

          **Defendant.**

## MEMORANDUM AND ORDER

      This matter comes before the Court on Defendant's Motion for Leave to File Amended Answer (doc. 9) and Plaintiffs' related request for sanctions in Plaintiffs' Response (doc. 13). For the reasons set forth below, Defendant's Motion for Leave to Amend is granted, and Plaintiffs' request for sanctions is denied.

### I.      Introduction and Background

      Defendant seeks to amend its answer to admit allegations in Paragraphs 7 and 10 of Plaintiffs' Petition that were denied in the original answer. Paragraph 7 alleged that Defendants issued a policy covering Plaintiffs' home, and Paragraph 10 alleged that the policy covered hail and wind damage. Defendant claims that the denial of these allegations in its answer was incorrect and inadvertent.

### II.     Standard for Ruling on a Motion to Amend

Rule 15 of the Federal Rules of Civil Procedure allows one amendment of the pleadings, before a responsive pleading is served or within twenty days after service.[1]  Subsequent amendments are allowed by leave of court or by written consent of an adverse party and should be "freely given when justice so requires."[2]  "The decision to grant leave to amend a [pleading], after the permissive period, is within the trial court's discretion . . . and will not be disturbed absent an abuse of that discretion."[3]

## III.   Analysis

The district court should deny leave to amend only when it finds "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[4]  Plaintiffs assert that Defendant has long been aware of the error in its original answer, and that Plaintiffs notified Defendant of the error as early as February 25, 2005.  Whereas Defendant attributes the error in its original answer to inadvertence, Plaintiffs argue that Defendant's former denial of the allegations was not made in good faith.

Rule 15 allows amendments so that a case may be decided on its merits, not on technicalities in the pleadings.[5]  Additionally, there is a strong interest in having pleadings that accurately reflect the positions of the parties.  In light of these objectives, Plaintiffs raise no objections that justify disallowing Defendant

---

[1]*Fed. R. Civ. P.* 15(a).

[2]*Id.*

[3]*Woolsey v. Marion Labs, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[4]*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

[5]*United States v. Braun*, No. 84-A-1405, 1986 U.S. Dist LEXIS 19286 at *4 (D. Colo. Oct. 8, 1986) (citing *United States v. Hougham*, 364 U.S. 310, 316-17 (1960)); *See also Nunes v. Ashcroft*, 375 F.3d 810, 813 (9th Cir. 2004).

from correcting its answer.  Defendant seeks to amend its answer to admit that it issued a policy covering Plaintiffs' home, and that the policy covered wind and hail damage.  It is fair to conclude that Plaintiffs agree with these admissions, as they assert them in their Petition.  Therefore, despite Plaintiffs' objections, the Court sees no reason to deny Defendant the opportunity to correct its answer.  Defendant's Motion for Leave to File Amended Answer (doc. 9) is therefore granted.

## IV.   Sanctions

Plaintiffs request sanctions in their Response to Defendant's Motion for Leave to File Amended Answer.  They assert that Defendant's original denial of Paragraphs 7 and 10 was made in bad faith. Plaintiffs argue that it "defies logic" that Defendant does not know the terms of its own insurance policy. While it appears odd that Defendant originally denied Paragraphs 7 and 10 in the original answer, this does not rise to the level of sanctionable conduct.  Plaintiffs' request for sanctions is denied.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion for Leave to File Amended Answer (doc. 9) is granted.  Within 10 days of the date of this Memorandum and Order, Defendant shall electronically file and serve its Amended Answer.

**IT IS FURTHER ORDERED THAT** Plaintiffs' request for sanctions, as contained in Plaintiffs' Response to Defendant's Motion for Leave to File Amended Answer (doc. 13), is denied.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 16th day of June, 2005.


s/ David J. Waxse

David J. Waxse
United States Magistrate Judge


cc:      All counsel